# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| B/E AEROSPACE, INC.,<br>   a Delaware Corporation,<br>       Plaintiff,<br><br>vs.<br><br>ZODIAC AEROSPACE,<br>   a French Corporation;<br>ZODIAC US CORPORATION,<br>   a Delaware Corporation;<br>ZODIAC SEATS US LLC,<br>  (A.K.A. Weber Aircraft LLC),<br>   a Texas Corporation;<br>HEATH TECNA, INC.,<br>  (A.K.A. Heath Tecna,<br>   A.K.A. Zodiac Airline Cabin Interiors,<br>   A.K.A. Zodiac Airline Interior Integration),<br>   a Delaware Corporation;<br>C & D ZODIAC, INC.,<br>  (A.K.A. C & D Aerospace, Inc.,<br>   A.K.A. Zodiac Business Aircraft Interiors),<br>   a Delaware Corporation;<br>ZODIAC NORTHWEST AEROSPACE TECHNOLOGIES,<br>  (A.K.A. Northwest Aerospace<br>   Technologies, Inc.),<br>   a Washington Corporation,<br>       Defendants. | Case No. 2:16-cv-01417-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

**EMERGENCY MOTION OF B/E AEROSPACE, INC. TO COMPEL PRODUCTION OF DOCUMENTS AND DECLARANT MR. ZARROUATI FOR DEPOSITION IN THE UNITED STATES RE: DEFENDANTS' JURISDICTION AND VENUE MOTIONS**

10135398

## INTRODUCTION

Defendants[1] filed four motions to dismiss and transfer on February 8, 2017, supported by seven declarants and voluminous exhibits. Plaintiff B/E Aerospace, Inc. ("B/E") asked for targeted jurisdictional and venue discovery, and for the motion schedule to align with the schedule for B/E's preliminary injunction motion. Defendants said they would agree to the schedule, but only if B/E drastically limited the discovery it wished to take. On February 22, 2017, the Court granted B/E's motion to align schedules, and indicated jurisdictional discovery should be done by March 9, 2017. Dkt. 57. Defendants have resisted virtually all discovery and to date have provided no documents.

B/E asked for limited categories of documents to demonstrate Defendants' connections with the United States and Texas, providing legal authority and pointing out the standards and factors relevant to finding jurisdiction and venue through business enterprise, agency, alter ego, and direct jurisdiction theories. Moreover, each of the declarants state that their knowledge may come from "access to [a separate Defendant entity's] corporate information and records allowing [the declarant] to confirm these facts." (*E.g.*, Dkt. 44-2 ¶ 1, 45-5 ¶ 1, 45-7 ¶ 1, 45-8 ¶ 1). B/E should have these documents, and is requesting: (1) corporate bylaws, articles of incorporation, and Secretary of State and tax filings in Texas; (2) sufficient documents to describe facilities in Texas; (3) sufficient documents to describe profit-sharing, pooled services, shared assets, loans, guarantees, approval processes, and references to Zodiac entities as a group; and (4) the 2015 Focus Transformation Plan, touted in press releases as changing the structure of the Zodiac Group – all Defendants are members, with Zodiac Aerospace as "the general manager" and parent company of the

---

[1] Defendants are Zodiac Aerospace, Zodiac US Corporation, Zodiac Seats US LLC, Heath Tecna, Inc., C & D Zodiac, Inc., and Zodiac Northwest Aerospace Technologies.

Group – to "a more centralized structure, specifically to manage internal control procedures," including "day-to-day hands on operations management." Defendants promised to provide only tax returns and filings, along with an identification of Texas places of business, concerning only Zodiac Aerospace or Zodiac US Corp in Texas. Defendants have provided *no* documents at all, and their deponents have not even looked for them.

Also, B/E did not ask for depositions of all declarants, but only four. It has agreed, through a meet-and-confer process that has lasted over three weeks, to have three-hour depositions for three of the declarants. B/E requested that declarant Olivier Zarrouati (CEO of Zodiac Aerospace, "ZA") be produced for deposition in the United States after Defendants' counsel represented that depositions in France could subject persons taking depositions pursuant to the Federal Rules to criminal penalties if lengthy Hague Convention procedures were not followed. *See*, *e.g.*, *In re Vitamin Antitrust Litig.*, No. MISC 99-197 TFH, 2001 WL 35814436 (D.D.C. Sept. 11, 2001), at *10 (since French statute apparently criminalized taking of depositions on French soil under Federal Rules, deposition should be held in the United States instead of France). Although Defendants submitted Mr. Zarraouti's Declaration to this Court, Defendants would not produce him in this District or anywhere in the United States, nor in any another European country, and even refused to provide information on Mr. Zarrouati's visits to the United States. (*See* Ex. A.)

B/E requests the Court to compel the production of these limited categories of documents, and to require Mr. Zarrouati's deposition at a mutually convenient location within the United States. In the alternative, if Mr. Zarrouati is not deposed in the United States, B/E asks that Defendants be barred from relying upon his Declaration, or that this Court provide a letter of request which B/E can then provide to the appropriate French authority for a deposition there.

## DISCUSSION

***Standards Allowing Discovery.*** In patent cases, the Federal Circuit often looks to the regional circuit on issues of jurisdictional discovery. *Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1235-36 (Fed. Cir. 2010) (reversing district court de facto denial of jurisdictional discovery under Ninth Circuit standard where request for discovery was "not based on a mere hunch"). "The Fifth Circuit thus appears to have aligned itself with the other circuits that have established a comparatively lower bar for permitting jurisdictional discovery," so that where "'a plaintiff presents factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts . . . the plaintiff's right to conduct jurisdictional discovery should be sustained.'" *Blessey Marine Servs., Inc. v. Jeffboat, LLC*, No. 10-1863, 2011 WL 651999, at \*7, \*5 (E.D. La. Feb. 10, 2011) (quoting *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005) and citing Ninth Circuit precedent). The Eastern District recently allowed discovery in a patent case where plaintiff's request, as here, was "based on more than a hunch that discovery might yield jurisdictionally relevant facts," such that "Plaintiff should be given the opportunity to learn the degree of [defendant's] business activity from 2007 and to develop its claims of personal jurisdiction." *Neal Techs., Inc. v. Innovative Performance Research, LLC*, No. 4:16-CV-00746, 2017 WL 590298, at \*2 (Feb. 14, 2017) (granting motion to compel, including an individual admitting to substantial involvement with the company).**2**

---

**2** Such a ruling in favor of allowing substantial jurisdictional and venue discovery are unsurprising given the Eastern District's discovery principles. "It is well settled that the rules of discovery in the Eastern District of Texas are accorded a broad and liberal treatment to affect their stated purpose of adequately informing litigants in civil trials." *Collins v. Nissan N. Am., Inc.*, No. 2:11-cv-428-JRG, 2013 WL 1950002, at \*1 (E.D. Tex. May 9, 2013) (Gilstrap, J.). The Court expects parties to produce all relevant documents without a request. *Clear with Computers LLC v. Hyundai Motor America, Inc.*, 2011 WL 11562328,

*More than a Hunch.* Zodiac Aerospace ("ZA") is trying to evade personal jurisdiction here by saying it is merely a holding company, but runs into its own past statements. Its publicly available marketing materials and website refer to ZA and its wholly-owned subsidiaries as a "Group." Defendants consolidate their financial reports and admit that they pool services such as financing, information technology, legal affairs, human resources, and industrial operations; they share common executives; ZA provides guarantees to at least some of Defendant subsidiaries;[3] and ZA recruits people to work at facilities in Texas through the shared Zodiac Aerospace website (each other Defendant, a subsidiary, has pages on the site). Also, in 2015, the Zodiac "Group" instituted a new plan to centralize operations and streamline management under ZA's direction. This public information contrasts starkly with Mr. Zarrouati's Declaration, which says "ZA does not control or direct any of the various activities" of the other five Defendants, and "does not direct any marketing or advertising efforts to Texas." Zarrouati Decl. (Dkt. No. 45-8) ¶¶ 4-5.

Defendants' declarations seem designed to skirt Texas law on enterprise liability, alter ego and agency – all doctrines under which the contacts of the subsidiary can be imputed to the parent. Texas law looks not only to the adherence to corporate formalities and the amount of control exercised by the parent over the "group," but also to factors including common employees; common offices; centralized accounting and other systems; and intra-company services, agreements and guarantees. *Lone Star Aviation, LLC v. 2330732 Ontario Inc.*, No. A-14-CV-131 LY, 2014 WL 12586849 (W.D. Tex. July 10, 2014) (compelling jurisdictional discovery on alter ego and joint enterprise theories).

---

No. 6:09 CV 479, at *1 (E.D. Tex. July 5, 2011); *see also* L.R. 26 (disclosure of documents required); Sample Discovery Order – Patent ¶¶ 10-11 (Gilstrap and Payne, JJ.).

[3] Zodiac Aerospace Annual Report 2015–2016, *available at* http://www.zodiacaerospace.com/en/finance/annual-reports.

10135398                                                             - 4 -

Especially where there is evidence that conflicts with a defendant's declaration contesting jurisdiction, discovery can help resolve factual questions. *See*, *e.g.*, *Funimation Entm't v. Does 1-1,427*, No. 2:11-CV-269-JRG, 2012 WL 1289418, at *1 (E.D. Tex. Mar. 23, 2012) (Gilstrap, J.) ("Issues of personal jurisdiction are not clear in this case and thus, discovery is needed to shed light on the jurisdictional issues. Further, the limited discovery sought by Plaintiff will add significant facts to the record that will help the Court determine whether jurisdiction is proper."); *TCGC IP Holdings, LLC v. Graves Golf Academy*, No. 3:10-CV-0055-L, 2010 WL 2671302, at *2 (N.D. Tex. July 1, 2010) (compelling jurisdictional discovery in patent case where plaintiff's evidence conflicted with defendants' declarations, and supported allegation that defendants "had a direct financial interest in the infringement and that they could have supervised, directed or controlled the infringement"). Sparse yet carefully worded declarations cannot be used to defeat a right to discovery. *E.g.*, *Central States, Southeast & Southwest Areas Pension Fund v. Phencorp Reins. Co.*, 440 F.3d 870, 878 (7th Cir. 2006) (jurisdictional discovery allowed; defendant's declaration that it is not currently "doing any business" in the U.S. did "not say specifically that it is not attempting to do so or [that it] does not send agents to the United States").

Defendants have already attempted to hide their degree of interaction in this litigation – for example, by refusing to provide answers by hiding behind the use of the term "Zodiac" in defining their self-admitted "Group." Dkt. Nos. 56, 71. They cannot be allowed to mask ZA's degree of control or their inter-relationships with conclusory declarations that plainly are not telling the full story and omit their contacts with Texas. *See Abstrax, Inc. v. Hewlett-Packard Co.*, No. 2:14-CV-18-JRG, 2014 WL 5677834, at *3 (E.D. Tex. Nov. 3, 2014) (Gilstrap, J.) (venue discovery had raised questions as to the accuracy of defendant's motion and evidence, and more discovery was appropriate since defendants

controlled the relevant facts).  Defendants should be compelled to produce the documents B/E requested and identified in the Introduction, above.

***Deposition of Mr. Zarrouati in the United States.***  Defendants have submitted a declaration in this Court, in English, from Mr. Zarrouati, but have demanded that any deposition occur in France, with B/E paying for a translator, and warning B/E that failure to follow procedures on French soil could result in criminal penalties and entanglements in a foreign jurisdiction.  All of these problems – and significant expense – can be spared by holding the deposition at a mutually convenient location in the United States.

Where a declarant voluntarily submits information to a Court, particularly aiming for dismissal not only on jurisdictional but Rule 12(b)(6) grounds for failure to state a claim, the declarant "must make himself available for deposition to be questioned about the matters referred to in the declarations." *Taiwan v. U.S. Dist. Ct. for N. Dist. of Cal.*, 128 F.3d 712, 719 (9th Cir. 1997).  A refusal to answer questions about the declaration means that the proponent should not be able to rely on the declaration's statements.  *Id*.

If he does not make himself available for deposition in the United States, Mr. Zarrouati is effectively unavailable.  A plaintiff is generally allowed to choose the place of deposition under Rule 26(b)(1), subject to the defendant's ability to apply for a protective order to choose a different place.  While some courts presume that the deposition will take place at a corporation's principal place of business, there is no hard rule – and courts often disregard the presumption, based on the location of counsel for both parties; the size of the defendant corporation and regularity of executive travel; the resolution of discovery disputes by the forum court; the nature of the claim; and the relationship of the parties.  *Paleteria la Michoacana, Inc. v. Productos Lacteos Tocumbo S.A. de C.V.*, 292 F.R.D. 19, 22-25 (D.D.C. 2013) (Mexico City resident invoking aid of federal courts ordered to be deposed in

U.S.).  Here, counsel are in the United States; the Zodiac Group advertises itself as a huge international enterprise with very significant operations in the United States (including several Defendants that Mr. Zarrouati oversees which are incorporated and headquartered here); B/E has asked for yet been denied information about Mr. Zarrouati's U.S. travels; and the connections of Defendants are the source of current motion practice.  Moreover, while conducting depositions on foreign soil raises sovereignty concerns, "when depositions of foreign nationals are taken on American or neutral soil, courts have concluded that comity concerns are not implicated." *In re Honda Am. Motor Co. Dealership Relations Litig.*, 168 F.R.D. 535, 538 (D. Md. 1996) (requiring Japanese national to come to U.S. for deposition, and noting the unfairness of allowing defendants to use Federal Rules discovery, but limiting plaintiffs to discovery procedures under Japanese law); *see also New Medium Techs. LLC v. Barco N.V.*, 242 F.R.D. 460, 466-67 (N.D. Ill. 2007) (Japanese corporate representatives must be deposed in U.S., where court intervention would be easier and there was no undue burden); *Custom Form Mfg., Inc. v. Omron Corp.*, 196 F.R.D. 333, 336-38 (same).  Here, Mr. Zarrouati's declaration provides no indication that it would be an undue burden to present himself in the United States; and Defendants have refused to so prove.

    Mr. Zarrouati should be compelled to submit to a full deposition in the United States (without the myriad instructions not to answer B/E is encountering with the other limited depositions), or Defendants should be precluded from relying on his declaration.  Alternatively, this Court should provide a letter of request so that B/E can initiate procedures for taking the deposition in France.

Date: March 9, 2017                                            Respectfully submitted,

                                                                                                                        */s/ Sam Baxter*
                                                                                                                        Samuel F. Baxter
                                                                                                                        Lead Attorney

Co-Counsel:

**IRELL & MANELLA LLP**

Morgan Chu
mchu@irell.com
Andrei Iancu
aiancu@irell.com
Joseph M. Lipner
jlipner@irell.com
Benjamin Haber
bhaber@irell.com
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone:   (310) 277-1010
Facsimile:   (310) 203-7199

Samuel F. Baxter
Lead Attorney
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
**McKOOL SMITH, P.C.**
104 E. Houston Street, Suite 300
Marshall, Texas 75670
Telephone:   (903) 923-9000
Facsimile:   (903) 923-9099

**Attorneys for Plaintiff B/E Aerospace, Inc.**

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the above and foregoing document was filed electronically in compliance with Local Rule CV-5(a). All counsel of record who are deemed to have consented to electronic service have been served with a copy of this document, on March 9, 2017.

                                                                                        */s/ Sam Baxter*
                                                                                         Samuel F. Baxter

- 9 -

**CERTIFICATE OF CONFERENCE**

Sam Baxter, Andrei Iancu, Joseph M. Lipner, Michael Fehner and Benjamin Haber, Counsel for Plaintiff B/E Aerospace, Inc. ("B/E"), complied with the meet and confer requirement in Local Rule CV-7(h) by conferring with Melissa Smith, Will Mosley, and other attorneys, Counsel for Defendants, on February 15, February 16, and February 23, 2017, with subgroups of attorneys continuing to confer thereafter through early March, 2017, at which point an impasse was reached as to the issues in this motion. Defendants oppose the filing of this motion because they maintain B/E has not demonstrated the need for a deposition within the United States or any documents.

*/s/ Sam Baxter*
Samuel F. Baxter
